UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X
EDWARD S. WEISFELNER, AS TRUSTEE OF
THE LB CREDITOR TRUST,

                Plaintiff,

      -against-

STUART REICHMAN, et al.,

                Defendants.

------------------------------------------------ X

Judge Buchwald

12 CV 3273

No. ____ Civ. ____

NOTICE OF REMOVAL OF
ACTION PURSUANT TO 28
U.S.C. § 1452

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

**PLEASE TAKE NOTICE** that, on this date, Glenn H. Roth (the "Defendant"), by his undersigned counsel, files this Notice of Removal pursuant to 28 U.S.C. § 1452, removing this entire action from the Supreme Court of the State of New York, County of New York ("New York State Court"), to the United States District Court for the Southern District of New York ("Court" or "New York District Court"). This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). Removal to this Court and referral to the United States Bankruptcy Court for the Southern District of New York for pre-trial proceedings are appropriate pursuant to 28 U.S.C. § 157(a). *See* 28 U.S.C. § 157(a); Amended Standing Order of Reference M10-468, dated Feb. 1, 2012 (Preska, C.J.) (the "Standing Order").

In support of this Notice of Removal, the Defendant states as follows:

**THE COMPLAINT**

1. On or about December 19, 2011, the Plaintiff commenced this civil action by filing a summons and complaint in the New York State Court, captioned *Weisfelner v. Stuart Reichman, et al.*, Index No. 653522/2011 (the "Complaint"). Purportedly invoking state fraudulent transfer law, Plaintiff seeks to set aside and recover as fraudulent transfers payments of money allegedly transferred to shareholders of Lyondell Chemical Company ("Lyondell Chemical") in exchange for their shares in Lyondell Chemical. Plaintiff claims that those alleged transfers were made in connection with the acquisition of Lyondell Chemical (the "Merger") by Basell AF S.C.A. ("Basell"), thereafter renamed LyondellBasell Industries AF S.C.A. ("LBI"). Plaintiff alleges that LBI was rendered insolvent as a result of the debt it incurred to repay the bank loans that funded the transfers to the Lyondell Chemical shareholders, and that it did not receive reasonably equivalent value or fair consideration in exchange. Compl. ¶¶ 1-2, 279-83.

2.  Pursuant to 28 U.S.C. § 1446(a) and Fed. R. Bank. P. 9027(a), a copy of the Summons and Complaint is attached as Exhibit A. According to the Complaint, Plaintiff has brought the claims asserted therein as Trustee, for and on behalf of the beneficiaries of a creditor trust known as the LB Creditor Trust. Compl. ¶ 2. On information and belief, the LB Creditor Trust was formed pursuant to the Third Amended Joint Chapter 11 Plan of Reorganization (the "Lyondell Plan") for Lyondell Chemical, LBI and affiliated debtors (the "Lyondell Debtors") confirmed in 2010 by the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Chapter 11 case for the Lyondell Debtors ("Lyondell Chapter 11 Case") remains active and pending before the Bankruptcy Court.

3.  Pursuant to the Lyondell Plan and the Bankruptcy Court's Confirmation Order,[1] Plaintiff is purporting to bring the fraudulent transfer claims in the Complaint as the successor representative allegedly authorized to prosecute those claims. The same claims were previously commenced against a purported defendant class consisting of the former Lyondell Chemical shareholders in the Lyondell Chapter 11 Case by the Official Committee of Unsecured Creditors (represented by Plaintiff as then Committee counsel) appointed in that Chapter 11 Case. That prior action was brought on behalf of the Lyondell Debtors' bankruptcy estates pursuant to section 544(b) of the Bankruptcy Code. That provision grants a bankruptcy estate the power to avoid pre-bankruptcy transfers of the debtor's property that are voidable under applicable state law by the debtor's unsecured creditors, and to recover the transferred property for the benefit of the debtor's creditors. *See* 11 U.S.C. §§ 544(b), 550.

---

[1] The term "Confirmation Order" refers to the Findings of Fact, Conclusions of Law, and Order Pursuant to Section 1129 of the Bankruptcy Code and Rule 3020 of the Federal Rules of Bankruptcy Procedure Confirming Third Amended Joint Chapter 11 Plan of Reorganization for the LyondellBasell Debtors, dated April 23, 2010, entered by the Bankruptcy Court in the Lyondell Chapter 11 Case.

4.     The Bankruptcy Code, however, contains a clear and absolute exception applicable to state-law fraudulent transfer claims: a transfer may not be avoided if, as with each of the payments to the former Lyondell Chemical shareholders that Plaintiff seeks to avoid and recover in this action, it is a "settlement payment" made to complete a securities transaction. *See id.* § 546(e). This limitation reflects a strong congressional policy "'to minimize the displacement caused in the commodities and securities markets in the event of a major bankruptcy affecting those industries,'" thus "ensur[ing] settlement finality, and therefore market stability." *See In re Enron Creditors Recovery Corp.*, 422 B.R. 423, 429 (S.D.N.Y. 2009) (quoting H.R. Rep. 97-420, at 2 (1982), *as reprinted in* 1982 U.S.C.C.A.N. 583, 583), *aff'd In re Enron Creditors Recovery Corp.*, 651 F.3d 329, 334 (2d Cir. 2011) ("If a firm is required to repay amounts received in settled securities transactions, [that will] plac[e] other market participants and the securities markets themselves at risk."); *see also Contemporary Indus. Corp. v. Frost*, 564 F.3d 981 (8th Cir. 2009) (holding that payments made to shareholders in exchange for their shares in a leveraged buyout were settlement payments protected from avoidance under 11 U.S.C. § 546(e)).

5.     In the Complaint, Plaintiff, as Trustee of the LB Creditor Trust, seeks to pursue what it describes as state-law avoidance claims against certain former Lyondell Chemical shareholders, pursuant to provisions of the Lyondell Plan that purport to provide for the contribution of such avoidance claims to the LB Creditor Trust following the purported abandonment of such actions by the Lyondell Debtors. Compl. ¶¶ 3, 14; Lyondell Plan § 5.8(b). Plaintiff seeks to recover for the benefit of various creditors of the Lyondell Debtors whose claims were allegedly not paid in full from other consideration distributed under the Lyondell Plan. Compl. ¶¶ 3, 14. The beneficiaries of the LB Creditor Trust thus allegedly include

creditors with (a) unpaid trade claims against LBI; (b) unpaid, unsecured funded debt claims against LBI; and (c) senior secured deficiency claims and unpaid, subordinated secured deficiency claims against LBI. Lyondell Plan, Art. § 5.8; Confirmation Order ¶ 28; Compl. ¶ 3.

**RELATED CASES**

6. Two closely related adversary proceedings against former outside Lyondell Chemical shareholders who sold their shares of Lyondell stock in connection with the Merger are currently pending before Judge Gerber in the Bankruptcy Court. The first adversary proceeding, captioned *Weisfelner v. Fund 1, et al.*, Adv. Pro. No. 10-4609 (Bankr. S.D.N.Y.), also was originally filed in New York State Court, was removed to this Court on November 22, 2010, and was referred to Bankruptcy Court. The plaintiff in the *Fund 1* proceeding is the same plaintiff as the Plaintiff in this action. Indeed, the complaint in the *Fund 1* proceeding includes identical substantive allegations to the Complaint here, and purports to assert the same two "state-law" fraudulent transfer claims—one for intentional fraudulent conveyance and the other for constructive fraudulent transfer. *Compare* Compl. ¶¶ 278-86 *with* Compl. ¶¶ 275-83, *Weisfelner v. Fund 1, et al.*, Adv. Pro. No. 10-4609 (Bankr. S.D.N.Y.) ("Fund 1 Complaint") [docket no. 253]. The only two differences between the complaint in the *Fund 1* proceeding and the Complaint here—neither of which are relevant to the federal courts' jurisdiction or ability to preside over this action—are that (a) the *Fund 1* proceeding purports to name as defendants former Lyondell Chemical shareholders who allegedly received $100,000 or more in exchange for their shares of Lyondell Chemical stock in connection with the Merger while the latter purports to name as defendants twenty-four former Lyondell Chemical shareholders who allegedly received less than $100,000 in exchange for their shares of Lyondell Chemical stock in connection with the Merger; and (b) the *Fund 1* proceeding is not styled as a putative defendant

class action while this action is. *Compare* Compl. ¶¶ 13, 40-44 *with* Fund 1 Compl. ¶ 15. Given the nearly identical overlap between the *Fund 1* proceeding and this action, the grounds for removal set forth in this Notice substantially overlap with the grounds set forth in the Notice of Removal in the *Fund 1* proceeding. *Compare infra* ¶¶ 9-14 *with* Notice of Removal ¶¶ 6-12, *Weisfelner v. Morgan Stanley & Co., Inc., et al.*, Adv. Pro. No. 10-8827 (S.D.N.Y.) [docket no. 1].

7. The second adversary proceeding related to this action is captioned *Weisfelner v. Hoffman Charles Schwab & Co Inc Cust IRA Contributory, et al.*, Adv. Pro. No. 10-5525 (Bankr. S.D.N.Y.). The plaintiff in that proceeding is the same individual who is the Plaintiff in this action, but as trustee of a different trust created under the Lyondell Plan (the "Litigation Trust"). Compl. ¶ 12, *Weisfelner v. Hoffman, et al.*, Adv. Pro. No. 10-5525 (Bankr. S.D.N.Y.) ("Litigation Trust Complaint") [docket no. 1]. The Litigation Trust seeks to recover as fraudulent transfers the same payments made to former Lyondell Chemical shareholders in exchange for their Lyondell Chemical stock as the payments that the Creditor Trust seeks to recover. *Compare id.* ¶¶ 1-2 *with* Compl. ¶¶ 1-2. And the complaint in the Litigation Trust proceeding, like the complaint in the *Fund 1* proceeding, includes identical substantive allegations to the Complaint in this action. *Compare* Litigation Trust Compl. ¶¶ 332-40 *and* Fund 1 Compl. ¶¶ 275-83 *with* Compl. ¶¶ 278-86. Unlike the Creditor Trust, which purports to assert "state-law" fraudulent transfer claims, the Litigation Trust purports to assert federal fraudulent transfer claims pursuant to the Bankruptcy Code. Litigation Trust Compl. ¶¶ 332-40.

8. The Litigation Trust proceeding was originally filed in Bankruptcy Court and remains pending in the Bankruptcy Court along with the *Fund 1* proceeding. Like the Complaint in this action, the Litigation Trust's complaint is styled as a putative defendant class action

(albeit, unlike this action, where the putative class is defined as all former Lyondell Chemical shareholders who received less than $100,000 in connection with their sale of Lyondell Chemical stock, the putative class in the Litigation Trust action is defined to include all former Lyondell shareholders who received any money in connection with their sale of Lyondell Chemical stock). *Compare* Litigation Trust Compl. ¶ 2 *with* Compl. ¶ 2 & n.2.

### GROUNDS FOR REMOVAL

9. Removal is appropriate under 28 U.S.C. § 1452(a), because this Court has bankruptcy jurisdiction under 28 U.S.C. § 1334(b). Under 28 U.S.C. § 1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under § 1334 of this title."

10. Under 28 U.S.C. § 1334(b), this Court has jurisdiction to hear all civil proceedings that "aris[e] under title 11, or aris[e] in or [are] related to cases under title 11" of the United States Code, which is the Bankruptcy Code.

11. This action "arises in" the Lyondell Chapter 11 Case and "aris[es] under" the Bankruptcy Code. Plaintiff's avoidance claims "arise in" the Lyondell Chapter 11 Case because (among other reasons) such claims are asserted by Plaintiff as the successor purportedly authorized under the Lyondell Plan to prosecute the same avoidance claims that were previously commenced by the Lyondell Debtors' bankruptcy estates in the Lyondell Chapter 11 Case pursuant to section 544(b) of the Bankruptcy Code. They also "arise in" the Lyondell Chapter 11 Case because the threshold question of whether the Lyondell Debtors' bankruptcy estates could purport to "abandon" their avoidance powers under section 544(b) and thereby allow their creditors to bring the same fraudulent transfer claims under state law, in an effort to circumvent

the restrictions imposed by Congress on such claims under section 546(e), could arise only in connection with a bankruptcy proceeding: the Lyondell Debtors' Chapter 11 Case.

12.     Plaintiff's claims also "aris[e] under" the Bankruptcy Code because (among other reasons) they were previously brought pursuant to the statutory avoiding powers under section 544(b) of the Bankruptcy Code. *See, e.g., Carlton v. Baww, Inc.*, 751 F.2d 781, 787 (5th Cir. 1985). Furthermore, because section 544(b) provides the exclusive cause of action for asserting state-law avoidance claims in connection with bankruptcy cases—subject to the specific limitations imposed by Congress, including the bar on avoiding settlement payments under section 546(e)—the avoidance claims asserted in the Complaint arise under the Bankruptcy Code. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("When the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."); *see also Contemp. Indus. Corp.*, 564 F.3d at 988 (holding that debtor's state-law claims to recover payments made to shareholders in exchange for their shares were preempted by section 546(e)).

13.     For the same reasons (among others), this case is "related to" the Lyondell Chapter 11 Case in that it has a close nexus to the bankruptcy proceedings and Lyondell Plan. Furthermore, the avoidance claims are brought by Plaintiff as Trustee of the LB Creditor Trust, a creature of the Lyondell Plan formed to implement the Plan for the benefit of creditors of the Lyondell Debtors, and the action may require interpretation of the provisions of the Lyondell Plan on which Plaintiff bases his authority to bring these claims. *See Rahl v. Bande*, 316 B.R. 127, 133 (S.D.N.Y. 2004) ("A proceeding may have a 'significant connection' with a Chapter 11 bankruptcy case subsequent to confirmation of a plan when resolution of the dispute requires the interpretation of the plan of reorganization and the implementation of that plan."); *see also Luan*

*Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.)*, 304 F.3d 223, 229 (2d Cir. 2002); *In re Grumman Olson Indus., Inc.*, 445 B.R. 243, 248 (Bankr. S.D.N.Y. 2011); *In re Gen. Growth Props., Inc.*, 460 B.R. 592, 598 (Bankr. S.D.N.Y. 2011) ("The State Court Action is a proceeding falling within this Court's jurisdiction because it implicates the enforcement or construction of a bankruptcy court order . . . .") (internal quotation marks omitted); *Krys v. Sugrue, at al*, No. 08 Civ. 3065, 2008 WL 4700920, at *6 (S.D.N.Y. 2008) ("The claims being asserted do not belong to the litigation trust personally, but rather, are precisely those causes of action that were transferred by the PlusFunds Debtors to the SPhinX Trust pursuant to the PlusFunds Plan"); *Kirschner v. Bennett, et al*, No. 07 Civ. 8165, 2008 WL 1990669, at *5 (S.D.N.Y. May 7, 2008) (causes of action transferred by debtor's creditors and shareholders to trustee pursuant to plan and trust agreement conferred "related to" jurisdiction).

14.     Finally, the Lyondell Plan provides for broad retention of jurisdiction over post-confirmation matters arising out of or related to the Lyondell Chapter 11 Case. *See* Lyondell Plan § 12.1 ("The Bankruptcy Court shall retain exclusive jurisdiction over all matters arising under, arising out of, or related to the Chapter 11 Cases and the Plan . . . [including], among other things, . . . (l) [t]o hear and determine disputes or issues arising in connection with the interpretation, implementation, or enforcement of the Plan . . .; (m) [t]o recover all assets of the Debtors and property of the Debtors' estates, wherever located . . . ; [and] (s) [t]o hear and determine any other matter related to the Plan and not inconsistent with the provisions of the Bankruptcy Code."); *see also Krys v. Sugrue*, 2008 WL 4700920, at *6 (concluding that the same retention of jurisdiction language as that in Section 12.1(s) of the Plan "confers broad post-confirmation jurisdiction on the Bankruptcy Court").

## TIMELINESS

15. The Complaint was served on the Defendant on March 26, 2012. The Defendant has timely filed this notice of removal within thirty days of receipt, through service or otherwise, of a copy of the initial pleading in accordance with 28 U.S.C. § 1446(b) and Fed. R. Bankr. P. 9027(a)(3).

16. The Defendant will promptly serve a copy of this Notice on counsel for Plaintiff and (to the extent they have entered an appearance or are otherwise known) counsel for other parties to the removed case, and will file a copy of this Notice with the Clerk of the New York State Court in accordance with the terms of 28 U.S.C. § 1446(d) and Fed. R. Bankr. 9027(b) and (c).

## CORE PROCEEDING

17. As required under Fed. R. Bankr. P. 9027(a)(1), the Defendant states that the claims asserted in this action are core, within the meaning of 28 U.S.C. § 157(b)(2).

## REFERRAL AND RESERVATION OF RIGHTS

18. In accordance with the Standing Order, this matter is subject to referral, in the first instance, to the Bankruptcy Court upon removal. Because it relates to the Lyondell Chapter 11 Case and because it relates to the adversary proceedings described in paragraphs 6 and 7 above, all of which are pending before Judge Robert Gerber, it appears appropriate for this matter as well to be referred to Judge Gerber.

19. However, the Bankruptcy Court may not enter a final judgment in this matter. *Stern v. Marshall*, 564 U.S. __, 131 S. Ct. 1594 (2011); *see also Weisfelner v. Blavatnik et al.*, No. 11 Civ. 8251, 2012 WL 1038749 (S.D.N.Y. Mar. 29, 2012) (concluding that the United States Constitution bars the Bankruptcy Court from entering a final judgment regarding

fraudulent transfer claims brought by the Litigation Trust that seek to recover as fraudulent transfers payments made to other former Lyondell shareholders). The Defendant does not consent to the entry of final judgment by the Bankruptcy Court and expressly reserves the right to move to withdraw the reference pursuant to 28 U.S.C. § 157(d) and the right to a trial by jury in this action.

**WHEREFORE**, the Defendant respectfully requests that this Court accept this Notice of Removal of Action and grant him such other and further relief as the Court deems just and proper.

Dated: April 25, 2012

Respectfully Submitted,

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: _____
Philip D. Anker
Peter J. Macdonald
Jeremy S. Winer
Ross E. Firsenbaum

399 Park Avenue
New York, New York 10022
Tel.: (212)-230-8800
Fax: (212)-230-8888

- and -

Craig Goldblatt
Joel W. Millar

1875 Pennsylvania Avenue, NW
Washington, DC 20006
Tel.: (202)-663-6000
Fax: (202)-663-6363

*Attorneys for Defendant Glenn H. Roth*